IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**REGINA DARLENE GARRETT, #101565**                                      **PLAINTIFF**

**V.**                                                                       **CIVIL ACTION NO. 3:10-cv-438-DPJ-FKB**

**CHANDRA EVANS, et al.**                                                      **DEFENDANTS**

**ORDER**

This cause is before the Court, *sua sponte*, for consideration of dismissal. Garrett, an inmate of the Mississippi Department of Corrections (MDOC), incarcerated in the Central Mississippi Correctional Facility (CMCF), Pearl, Mississippi, filed this complaint under 42 U.S.C. § 1983. The named Defendants are Chandra Evans,[1] Lieutenant at CMCF; Margaret Bingham, Superintendent at CMCF; and Christopher Epps, Commissioner of MDOC. Upon review of the record, the Court concludes that Garrett's complaint fails to state a claim upon which relief can be granted.

I. Background

Garrett received a Rule Violation Reports (RVR) for each of two incidents occurring on August 18, 2009. Compl. [1] at 4. As punishment, she lost her job and accompanying privileges. Resp. [9] at 1. Garrett complains that the number of days allowed before the disciplinary hearing regarding the RVRs exceeded MDOC policy and procedure, and that the witnesses she provided were not called at the disciplinary hearing. Compl. [1] at 4. Although the reasons listed on the RVRs for the delay were to call witnesses and/or investigate, Garrett argues neither was done. *Id.* As relief, Garrett requests that the RVRs be expunged from her record, that she receive a formal apology from each party involved, and that she recoup any court costs. *Id.*

---

[1] Plaintiff provided the full name of Defendant Chandra Evans in her response [9] to this Court's order [7].

II. Analysis

The Prison Litigation Reform Act applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (2006). Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that she was deprived of a right secured by the Constitution or the laws of the United States, and (2) that the person depriving Plaintiff of this right acted under color of any statute of the State. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Vill. v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993). Garrett's complaint fails to satisfy the first element.

At best, Garrett asserts that her constitutional rights were violated under the Due Process Clause of the Fourteenth Amendment. To invoke the protections of the Due Process Clause, a plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Garrett's loss of her prison job and accompanying privileges are not "atypical and significant hardships" of prison life. *See Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) (holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits); *Sylvester v. Cain*, 311 F. App'x 733, 735 (5th Cir. 2009) (holding that prisoner's complaint regarding a change in job

and housing classification did not implicate a protected liberty interest and failed to state a claim for which relief could be granted).  Furthermore, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner.  *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).  As such, Plaintiff has failed to state a viable Due Process claim.

Garrett further complains that Defendants violated MDOC policy and procedure when they found her guilty of the complained-of RVRs.  This allegation, without more, simply does not rise to a level of constitutional deprivation.  *Jones v. Hudnell*, 210 F. App'x 427, 428 (5th Cir. 2006) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of prison regulations, without more, does not give rise to a federal constitutional violation.")  "[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996); *see also Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir.1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994);  *Hernandez*, 788 F.2d at 1158.

In sum, Garrett has failed to present a viable Due Process claim regarding the complained-of RVRs and resulting punishment.  Furthermore, Garrett's claims regarding Defendants' failure to follow MDOC policy and procedure fail to rise to the level of a constitutional deprivation.

III.  Conclusion

For the foregoing reasons, Garrett's complaint is dismissed, with prejudice, for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii).

Since this case is dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) it will count as a "strike."[2] If Garrett receives "three strikes," she will be denied *in forma pauperis* status and will be required to pay the full filing fee to file future civil actions or appeals.

A separate Judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 21th day of October, 2010.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE

---

[2] Title 28 Section 1915(g) states:

"[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."